IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE LEE JONES, § | |
|     Movant, § | |
| § | |
| v. § | No. 3:16-CV-1748-M-BT |
| § | (3:02-CR-399-M (1)) |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Movant Freddie Lee Jones, a federal prisoner, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred this resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, Jones's Section 2255 motion should be dismissed with prejudice as time-barred.

### I.   BACKGROUND

Jones pleaded guilty to five counts of bank robbery, in violation of 18 U.S.C. § 2113(a). *See United States v. Jones*, 3:02-cr-399-M-1 (N.D. Tex.). On June 9, 2003, the District Court sentenced him to 180 months' imprisonment with a three-year term of supervised release. *See id.*, Dkt. No. 28. Jones did not appeal.

In or around June 2016, Jones filed his Section 2255 motion, by which he appears to argue that the career offender enhancement—which the Court used to calculate his Guidelines sentence—is invalid in light of *Johnson v. United States*,

576 U.S. \_\_\_\_, 135 S. Ct. 2551 (2015). *See* Dkt. No. 14 at 7. The government responds that Jones's Section 2255 motion is time-barred. *See* Dkt. No. 11 at 3-4.

## II.   LEGAL STANDARDS AND ANALYSIS

Section 2255 establishes a one-year period of limitations within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence. *Dodd v. United States*, 545 U.S. 353, 356 (2005). The statute provides that the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), Jones's judgment became final on June 19, 2003—when his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within ten days of the entry of judgment; amended to fourteen days in 2009); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that,

where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). However, Jones did not file his Section 2255 motion until *thirteen years* later. Jones does not allege any facts that could trigger a later starting date under Sections 2255(f)(2) or (4). And, to the extent Jones argues his motion is timely because he filed it within one year of the Supreme Court's decision in *Johnson*, his reliance on Section 2255(f)(3) provides him no relief from the one-year limitations bar.

In *Johnson*, the Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)—which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another"— "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. But, Jones did not receive an increased sentence under the ACCA's residual clause. Instead, he was sentenced under the Guidelines. In *Beckles v. United States*, 580 U.S. \_\_\_\_, 137 S. Ct. 886 (2017), the Supreme Court determined that *Johnson* does not apply to Guidelines-based challenges to sentences imposed after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Beckles*, 137 S. Ct. at 892 ("Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness

challenge under the Due Process Clause."); *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (per curiam) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

Jones argues that because he was sentenced under the Guidelines pre-*Booker*, when the Guidelines were still mandatory, his current motion properly relies on *Johnson* to trigger Section 2255(f)(3). "[W]hether [*Johnson*] applies to the mandatory guidelines . . . is an open question." *Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) ("Justice Thomas, writing for the majority, explicitly and repeatedly stated that the Court was not addressing the pre-*Booker*, mandatory Guidelines scheme. And Justice Sotomayor made this point clear in her concurring opinion (without objection from the majority): 'The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences.'") (citations omitted). Because "the Supreme Court left open the question of whether" the right announced under *Johnson* applies to the pre-*Booker*, mandatory sentencing guidelines, "the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017). Thus, to the extent that the timeliness of Jones's claims is based on that right, his claims do not trigger Section 2255(f)(3). *See Raybon*, 867 F.3d at 630-

31 ("Raybon's untimely motion cannot be saved under § 2255(f)(3) because he 'is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.'" (quoting *Mitchell v. United States*, 2017 WL 2275092, at *3 (W.D. Va. May 24, 2017) (collecting cases)); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of *Booker*, *Johnson*, and *Beckles* to create a right that the Supreme Court has yet to recognize. . . . [O]nly the Supreme Court can recognize the right which would render [the] motion timely under § 2255(f)(3)."); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018) ("The right that Mr. Greer 'asserts' is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue." (footnote omitted)); *see also Washington v. United States*, No. 2017 WL 5036640 (N.D. Tex. Sept. 26, 2017), *rec. accepted*, 2017 WL 4948995 (N.D. Tex. Oct. 31, 2017); *Givens v. United States*, 2018 WL 327368 (W.D. Tex. Jan. 8, 2018).

To argue otherwise, Jones relies on the United States Court of Appeals for the First Circuit's decision in *In re Moore*, 871 F.3d 72 (1st Cir. 2017). *See* Dkt. No. 17 at 6. There, a panel granted Moore authorization to file a successive Section 2255 motion challenging his mandatory-Guideline sentences based on the right recognized in *Johnson*. *In re Moore*, 871 F.3d at 82. But *Moore*

examined only whether the Court of Appeals would grant preliminary authorization for a successive motion; the panel made no final determination on whether Moore's successive motion was timely. As the *Moore* panel made plain, it "was not sufficiently convinced" to deny Moore a chance to file a successive motion because it might be time-barred—an issue that the panel declined to say was properly within the scope of its gatekeeping inquiry. *See In re Moore*, 871 F.3d at 82 ("For this reason, and *for the purposes of deciding Moore's application for leave to file a successive § 2255 motion*, we are not sufficiently convinced . . . that first § 2255 motions that sought to apply *Johnson* [] to the pre-*Booker* guidelines were outside the statute of limitations for such motions.") (emphasis added); *see also id.* at 84 (noting that the "gatekeeping" decision of whether to grant authorization should "be decided quickly," and reserving a decision on whether "a court of appeals may deny authorization where the motion is untimely."). The panel "left much work for the district court," including determining whether Moore's motion was time-barred. *Id.* at 84 (noting that the "district court is required to redo the very analysis performed in this opinion before entertaining a successive § 2255 motion.").

Indeed, "[t]he First, Second, Third, Fourth, Sixth, and Tenth Circuits have [ ] granted [movants] leave to file second or successive [motions] challenging their mandatory-Guideline sentences based on the right recognized in *Johnson*." *United States v. Patrick*, 2017 WL 4683929, at *3 n.4 (D. Or. Oct. 18, 2017)

(citations omitted)). "These cases provide little guidance here, however, since the filing of a second or successive [motion] under § 2255(h)(2) is permitted upon a mere showing of 'possible merit'—a relatively easy bar to clear." *See id.* Thus the Court should reject Jones's attempt to rely on *In re Moore*.

Finally, "the statute of limitations in Section 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a litigant is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. \_\_\_\_, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In this case, Jones has not shown an entitlement to equitable tolling by, at least, alleging that "rare, exceptional, or extraordinary circumstances beyond his control . . . made it impossible for him to timely file" this motion. *Montes v. United States*, 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

### III. RECOMMENDATION

The Court should dismiss Jones's Section 2255 motion with prejudice as time-barred.

SIGNED June 25, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).