IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE LEE JONES, ) | |
| Movant, ) | |
| ) | No. 3:16-CV-1748-M (BT) |
| vs. ) | (No. 3:02-CR-399-M (1)) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing the objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the motion to vacate is **DISMISSED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **GRANTS** Jones a Certificate of Appealability ("COA") to challenge this Court's procedural ruling. The Court may grant a COA where the movant shows (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] In this case, reasonable jurists disagree on whether this Court was correct in its application of the statute of limitations that governs § 2255 proceedings. *Compare Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) ("Raybon's untimely motion cannot be saved under § 2255(f)(3) because he is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.") (internal quotation omitted), *with Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018) (disagreeing with *Raybon* and holding that § 2255(f)(3) applies to a due-process challenge to the residual clause of the career-offender provision of the mandatory Sentencing Guidelines). Moreover, reasonable jurists could also disagree about whether Jones's § 2255 motion—if it is timely—states a valid claim of the denial of a constitutional right.

In the event that Jones files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**SIGNED this 13th day of July, 2018.**

_____
BARBARA M. G. LYNN
CHIEF JUDGE